Vah Voorhis, J. (dissenting).
On this appeal appellants challenge the constitutionality of section 1141 of the Penal Law in view of the recent decision by the Supreme Court of the United States in Smith v. California (361 U. S. 147). Sub division 1 of this section renders guilty of a misdemeanor any person “who sells, lends, gives away, distributes, shows or transmutes, or offers to sell, lend, give away, distribute, show or transmute, or has in his possession with intent to sell, lend, distribute, give away, show or transmute, or advertise in any manner, or who otherwise offers for loan, gift, sale or distribution, any obscene, lewd, lascivious, filthy, indecent, sadistic, masochistic or disgusting book”.
Smith v. California (supra) held an ordinance of the City of Los Angeles to be unconstitutional which provided that it was unlawful “ for any person to have in his possession any obscene or indecent writing, [or] book * * * [i]n any place of business where * * * books * * * are sold or kept for sale ”. This ordinance had been construed by the California courts as not requiring knowledge of the obscene nature of the book on the part of the vendor. The Supreme Court held that if every bookseller were placed under an obligation • to make himself aware of the contents of every book in his shop, it would restrict the public’s access to reading matter to such a degree as to constitute an infringement of the constitutional guarantee of freedom of the press.
For the same reason it seems to us that Smith v. California (supra) renders unconstitutional subdivision 1 of section 1141 of
*347 the Penal Law. The language is identical in substance with that of the ordinance of the City of Los Angeles which was held to be unconstitutional. As recently as 1958 the Appellate Division, Second Department, held in People v. Shapiro (6 A D 2d 271) that knowledge by the bookseller of the obscene quality of books sold or on sale was not required to convict under subdivision 1 of section 1141 of the Penal Law. The opinion therein by Presiding Justice Nolait, speaking for a unanimous court, traces the codification and subsequent history of this statute from the time of its enactment in 1868. Many decisions are cited. The conclusion reached is inescapable that knowledge of the contents of obscene books by the bookseller was purposely omitted by the Legislature as an ingredient of the crime so as to avoid what was thought to have been a facile method of evasion of this law. It is impossible to believe that the Second Department in a memorandum decision in People v. Richmond County News (11 A D 2d 799) intended to overrule the 10 learned pages of opinion which had demonstrated so effectively less than two years earlier in People v. Shapiro (supra) that the Legislature deliberately omitted scienter as an element in the crime when the statute was enacted. Since the decision in Smith v. California (supra) the First and Third Departments have declared that scienter is not an element in the crime (People v. Schenkman, 12 A D 2d 457; People v. Douglas, 12 A D 2d 194), but in each instance the information was held to be defective in not charging that the books were sold or kept for sale with knowledge that they were obscene. It is not easy to understand by what reasoning scienter is to be read into the statute by implication in order to save its constitutionality, but not into the informations which were drawn in the same language. The same words can hardly be infused with opposite meanings when used in informations to those which they bear when contained in the statute. The sound reasoning which prompted the decisions that the informations failed to charge scienter should have resulted, it seems to us, in holding that by using the same language the statute did not include scienter either.
Statutes sometimes receive heroic treatment at the hands of courts in construing them so as to sustain their constitutionality, but that is. a practice which is necessarily more limited in criminal than in civil actions where the effect is to redefine *348 the nature of a crime ex post facto. The realization by the courts which have been faced with this question since Smith v. California (supra) that informations were defective which did not charge knowledge of obscenity suggests that judicial power is exceeded by reading into a statute drawn in similar language a requirement of scienter which is not there. The majority opinion of this court in the present case tacitly recognizes this circumstance by granting new trials to enable appellants to take the witness stand for the purpose of testifying to lack of knowledge on their part of the character of these books in their possession for sale. If the informations are construed as actually charging scienter, then new trials would not be necessary since appellants would already be on notice that scienter was charged against them. If the language of these informations (which is the language of the statute) includes inferentially a charge that appellants had such guilty knowledge, then their convictions should be affirmed. The granting of new trials is an implied recognition that neither by the language of the statute nor of the informations were appellants informed that knowledge on their part was an element in the crime charged. They are to be given a new trial, as we read the record and the majority opinion, essentially for the reason that the statute is being amended rather than interpreted, entailing a felt necessity to afford an opportunity for another trial after the amendment by the court has become effective.
As the statute reads and as it had been authoritatively construed, there must have appeared to appellants to have been no object in their taking the witness stand. The books were in evidence, and spoke for themselves; lack of knowledge of their contents had been held to be no defense. All apparently relevant facts' were undisputed. Only a question of law appeared to be involved. Appellants had no reason to believe that knowledge or lack of knowledge of the obscene nature of this reading material had any bearing on the case. They asserted that subdivision 1 of section 1141 was unconstitutional in view of the authoritative position taken by the United States Supreme Court in Smith v. California (supra). That contention seems to us to be unanswerable.
The judgments appealed from should be reversed and the informations dismissed.